ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

CYNTHIA JOHNSON (CABN 328932)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Cynthia.Johnson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. 4:23-CR-00459-AMO-1 |
|---|---|
| Plaintiff, | ) **MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION FOR DETENTION** |
| v. | ) |
| FRANK RAYMOND AVINA, | ) Date: February 7, 2024 |
| | ) Time: 10:30 a.m. |
| Defendant. | ) Court: Hon. Kandis A. Westmore |

On February 2, 2024, Defendant FRANK RAYMOND AVINA made his initial appearance and was arraigned on the charges in the Indictment. At that appearance, the government moved for detention. The Court set a detention hearing for February 7, 2024, at 3:30 p.m. The government respectfully submits this memorandum in support of its motion for detention.

**I.    INTRODUCTION**

On December 7, 2023, Defendant FRANK RAYMOND AVINA was charged by indictment with one count of felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). *See* Dkt. 1.

AVINA is a known member of the Norteno gang and is both a flight risk and a danger to the

community. AVINA has a lengthy criminal record and a demonstrated disrespect and disregard for law enforcement and the law. Additionally, AVINA appears to be transient, either staying with his girlfriend and her four children in Fremont or with his mother who lives in a trailer in Hayward.

As described further below, AVINA is a six-time convicted felon with a propensity for violating his state supervision. Additionally, AVINA's criminal history, transient lifestyle, and conduct of recklessly fleeing from police demonstrate that no condition or combination of conditions can reasonably assure the safety of the community or AVINA's future appearance in court. Accordingly, the Court should order AVINA detained pending trial.

## II.     OFFENSE CONDUCT

On June 22, 2023, law enforcement attempted a probation residence search. As officers approached the front door of the residence, AVINA was seen fleeing from the back of the residence. AVINA was armed with a loaded Glock .45 pistol while fleeing through a residential neighborhood. More than 20 officers were involved in AVINA's capture. Multiple officers pursued AVINA while others set up a 0.5-mile perimeter. After running through yards or on rooftops of more than twelve (12) homes, AVINA was located on the roof of a residence at the end of the established perimeter. After descending from the rooftop, AVINA was verbally abusive towards officers and did not comply with commands, and a less lethal projectile was deployed to ultimately gain AVINA's compliance before he was taken into custody.

## III.     CRIMINAL HISTORY

The defendant, at only twenty-four years of age, has had numerous interactions with the criminal justice system. In fact, within the last six years, AVINA has been convicted at the state level for felony firearms possession by a narcotic addict in violation of Penal Code § 29800(a)(1) in 2023 and 2021, felony organized retail theft in violation of Penal Code § 490.4(a)(1) in 2022, felony burglary in violation of § 459 in 2021 and 2019 and a couple of misdemeanor convictions for theft in 2019 and carrying a concealed weapon in 2018. *See* Pretrial Bail Report at Dkt. 7.  Additionally, the defendant has been arrested at the state level on numerous occasions for possession of controlled substances, theft, and obstruction of justice. *Id*. Moreover, AVINA has had three failures to appear at the state level. AVINA is currently on state probation until March 9, 2025 for his 2023 conviction for felon/addict in possession

of a firearm. Furthermore, AVINA has several state charges pending including driving under the influence (narcotics) and firearms possession.

## IV. LEGAL STANDARD

Under the Bail Reform Act of 1984, the Court must detain a defendant before trial without bail where "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person in the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk; the government need not prove that both factors are present. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence, but a finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Id*.

The Court must consider four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

## V. ARGUMENT

### A. The Defendant Is a Danger to the Community and Flight Risk

#### 1. <u>Nature and Circumstances of the Offense Demonstrate the Defendant is a Danger</u>

At the time of his arrest, the defendant, a convicted felon and known gang member, was in possession of a loaded firearm with six live rounds of ammunition. That alone is sufficient to find that the defendant poses a danger to the community. *See, e.g., United States v. Brewer*, 2013 WL 791312, at *2 (N.D. Cal. 2013) (carrying loaded firearm weighed in favor of detention because it "indicate[d] that [the defendant] may be violent and pose a danger to the community").

Additionally, the government is concerned that AVINA has access to at least one gun that was

not seized by law enforcement. During a residence search, a 10-round AR-15 magazine was found. However, the firearm recovered at the scene was a Glock .45 pistol, not an AR-15 rifle.

More importantly, AVINA was in possession of a firearm around small children. His girlfriend has four children and the youngest two were in the home at the time he fled with the loaded firearm, including her two-year-old son who later died from an alleged drug overdose. AVINA was questioned about the incident, however, no charges have been brought against him.

### 2. The Weight of the Evidence Against the Defendant is Overwhelming

As for the weight of the evidence, under § 3142(g)(2), this factor also favors detention because the evidence of AVINA's guilt is overwhelming. AVINA was seen with the firearm as he fled from law enforcement. Additionally, video surveillance captured AVINA with the firearm, and body-worn camera footage of officers in hot pursuit captured the firearm after it fell out of AVINA's shorts pocket.

While this factor is deemed the least important by case law, courts are still "require[d]" to consider it, and it can help establish dangerousness. *United States v. Hir*, 517 F.3d 1081, 1090 (9th Cir. 2008) (finding that "the weight of the evidence clearly and convincingly establishe[d]" a likelihood that the defendant would pose a danger if released). Likewise, overwhelming evidence of AVINA's guilt "makes it more likely that he will flee," particularly in light of the prison terms AVINA potentially faces both at the state and federal level. *United States v. Gebro*, 948 F.2d 1118, 1122 (9th Cir. 1991).

### 3. The Defendant's Past Conduct Suggests a High Risk of Non-Appearance

The defendant's conduct in the instant offense makes it clear that he is a flight risk. Additionally, the defendant's failure to appear for court weighs in favor of detention. At the state level, the defendant has three (3) failures to appear. *See United States v. Santos-Flores*, 794 F.3d 1088, 1092-93 (9th Cir. 2015) (failure to appear at court proceedings weighed in favor of determination that defendant was a flight risk); *see also United States v. Figueroa-Alvarez*, 2023 WL 4315592, at *11 (D. Idaho July 3, 2023) ("Prior failures to appear are strongly predictive of flight")

Additionally, the charges brought against the defendant are serious. This is the first time AVINA has faced federal charges and he faces a sentence, if he is convicted, far longer than any of his previous sentences. AVINA also has numerous state charges pending against him including a DUI and firearm possession. *See Lopez*, No. 3:23-cr-00360-JD, Dkt. 26, at *2 ("He is facing serious charges, thereby

creating incentives to flee."). These factors demonstrate that the defendant poses a significant flight risk.

    4. <u>The Defendant's History and Characteristics Further Support Detention</u>

  AVINA's past conduct shows that he cannot be trusted to obey court orders. He has violated probation at least ten times according the Pretrial Services Report at Dkt. 7. *See United States v. Lopez*, No. 3:23-cr-00360-JD, Dkt. 26, at *2 (N.D. Cal. Nov. 6, 2023) (granting detention where defendant showed "clear disregard for prior court orders"). Given AVINA's failure to comply with court supervision, there is a substantial risk that he will refuse to abide by any court-ordered conditions of release and flee. If presented with the opportunity to flee, AVINA's history and current conduct strongly indicate that he will do so. Given the pending charges both at the federal and state level, AVINA's record of conduct demonstrates that he will neither heed this Court's orders nor abide by any conditions of release.

  AVINA may recommend ineffective conditions such as a custodian, surety bond, location monitoring, home confinement or a halfway house. However, his history along with his recurring conduct of noncompliance with supervision, committing numerous crimes while on probation, and fleeing from police, make clear that he cannot be trusted, under any circumstances or conditions, to comply with conditions of release to mitigate that risk. Therefore, to effectively protect the community as a whole and assure his appearance at future court proceedings, AVINA should be detained pending trial.

**VI. CONCLUSION**

  There are no set of conditions that will reasonably ensure the safety of the community or assure the defendant's appearance at court proceedings. Accordingly, the Court should order the defendant detained pending trial.

DATED: February 6, 2024         Respectfully submitted,

                     ISMAIL J. RAMSEY
                     United States Attorney

                      */s/ Cynthia Johnson*
                     CYNTHIA JOHNSON
                     Special Assistant United States Attorney