PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

CYNTHIA JOHNSON (CABN 328932)
Special Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3693
   FAX: (510) 637-3724
   Cynthia.Johnson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>FRANK AVINA<br><br>    Defendant. | Case No.: 4:23-CR-00459 AMO<br><br>GOVERNMENT'S SENTENCING MEMORANDUM<br><br>Hon. Araceli Martinez-Olguin<br><br>Date: May 19, 2025<br>Time: 2:00 PM |

## I. INTRODUCTION

On February 24, 2025, Defendant Frank Avina pleaded guilty to a single count of Felon-in-Possession of a Firearm occurring on June 22, 2023, in violation of 18 U.S.C. § 922(g)(1). On the date of the offense, Avina led more than 20 law enforcement officers on a manhunt as he ran through neighboring yards, jumping fences and scaling rooftops – all while carrying a loaded firearm. Avina is a known gang member and has a long criminal history that includes convictions for firearms possession (2023, 2021, 2017, and 2016), organized retail theft (2022), burglary (2021 and 2019) as well as a couple of misdemeanor convictions for theft (2019) and carrying a concealed weapon (2018). Furthermore, Avina has several state charges pending including firearm possession and driving under the influence ("DUI"). Therefore, consistent with the plea

agreement, the government is recommending a low-end guidelines sentence of 33 months, followed by three years of supervised release, as sufficient but no greater than necessary to meet the purposes of sentencing.

## II. BACKGROUND

On or about June 22, 2023, law enforcement attempted a probation search at Avina's residence in Fremont, CA that he shared with his girlfriend and her four children. Avina was on probation for firearm possession with a criminal history that included multiple felony convictions for firearm possession. During the instant offense, law enforcement saw Avina run out the back of the residence with a loaded firearm in his shorts pocket. Avina led more than 20 law enforcement officers on a manhunt as he ran through neighboring yards, jumped fences and scaled rooftops. Multiple officers pursued him while others set up a perimeter. While fleeing, Avina dropped the firearm in a neighbor's backyard. When Avina was apprehended, he was on the roof of a residence at the end of the perimeter set up by law enforcement and eventually surrendered. In addition to the loaded firearm, law enforcement found in Avina's bedroom a ten-round AR-15 magazine, one loose .45 auto cartridge, a firearm holster, and a street stop sign with gang-related writing on it. *See* Pre-Sentence Report ("PSR") ¶¶ 5-13.

On February 7, 2024 (after being arraigned on February 2, 2024), Avina was remanded to custody. *See* Dkt. 9. On March 13, 2024, he was released on a $25,000 bond to the New Bridge Foundation to participate in their drug treatment program. *See* Dkt. 20. On April 1, 2024, Avina's bond was increased to $35,000 after Avina escaped from New Bridge and was allowed to participate in another inpatient treatment program at Center Point. *See* Dkt. 24. However, Avina violated his pretrial supervision at least 6 times. In addition to escaping from New Bridge, Avina violated his pretrial release by using illegal substances, assaulting his girlfriend, wearing gang colors, continuing to test positive for illegal substances while at Options Recovery, and selling ammunition and firearm magazines on social media. The court provided Avina with many chances, but he was ultimately remanded to custody in October 2024. *See* Dkt. 60.

## III. SENTENCING GUIDELINES CALCULATION

The parties' plea agreement sets out the Guidelines offense level calculation for this case as follows:

a. Base Offense Level:                                                                 14
   (U.S.S.G. § 2K2.1(a)(3))

b. Adjustments under U.S.S.G. Ch. 3
   Reckless endangerment during flight, U.S.S.G. § 3C1.2          + 2

|   |   |   |
|---|---|---|
| c. | Acceptance of Responsibility | - 3 |
| d. | Adjusted Offense Level: | 13 |

The Guidelines offense level calculation in the PSR matches the above calculation. PSR ¶ 27. The defendant's Criminal History Category is VI, which results in a Guidelines range for his sentence of 33 to 41 months. PSR ¶ 86.

IV.     **SENTENCING RECOMMENDATION**

    a.     **Legal Standard**

The United States Sentencing Guidelines serve as "the starting point and the initial benchmark" of any sentencing process and are to be kept in mind throughout the process. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007). The overarching goal of sentencing, as set forth by Congress, is for the Court to "impose a sentence sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991 (citation omitted). In accomplishing that goal, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), which include:

- the nature and circumstances of the offense and the history and characteristics of the defendant;
- the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
- the need for the sentence imposed to afford adequate deterrence to criminal conduct; and
- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

    b.     **Recommended Sentence and Section 3553(a) Factors**

The United States recommends that the Court sentence the defendant to 33 months imprisonment, which represents the low-end of the applicable Guidelines range. Consistent with 18 U.S.C. § 3553(a), such a sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offense and to provide specific deterrence given the defendant's criminal history.

<u>History and Characteristics of the Defendant</u>

The defendant started his criminal career as a juvenile, when he was twice convicted of firearms possession. PSR ¶¶ 29-30. At age 18, he was again convicted of firearm possession. PSR ¶ 31. At age 19, he

graduated from petty theft, to burglary (2) to organized retail theft. PSR ¶¶ 32-35. At ages 20, 21, and 23, he was convicted of second degree burglary and two more firearm possessions. PSR ¶¶ 36-38. Avina's criminal history is extensive, landing him in a criminal history category of VI. Yet his longest prior custodial sentence has only been 16 months for burglary, not firearm possession. Importantly, it is worth noting that in additional to the pending instant case, Avina has two pending state cases, one for firearm possession and one for DUI. This along with Avina's criminal history (5 firearm possession convictions) and his demonstrated disrespect for the law is significant and does not warrant any variation from the recommended guidelines.

Nature and Circumstances of the Offense

The circumstances of the present case show the defendant's level of disrespect and disregard for law enforcement and the law. As discussed above, the defendant has a long history of firearms possession. Avina also has a history of fleeing from law enforcement and of being arrested for and convicted of obstruction. In the instant case, Avina fled from law enforcement, leading more than 20 officers on a manhunt through a densely populated neighborhood while possessing a loaded firearm. This conduct shows why a sentence of 33 months imprisonment is necessary.

Need to Promote Respect for the Law and Provide Just Punishment

Avina's repeated violation of federal court orders as illustrated during his pretrial release as well as his egregious attempt to evade police in the instant case while carrying a loaded firearm (repetitious conduct) demonstrates a need for a sentence that promotes respect for the law. As discussed above, the defendant has been convicted of firearms possession at least five times at the state level. Despite this, the defendant continues to carry firearms, ignoring both the Court and the law, and endangering the children he lives with as well as the greater community. It is clear that a sentencing of time served with supervised release is not sufficient, as the defendant has already demonstrated a complete disregard for federal court orders as proven while on pretrial release. Therefore, a sentence of imprisonment is needed to promote respect for the law.

Need to Afford Adequate Deterrence

The defendant has already been convicted at least five times in state court for firearms possession - resulting in punishment that primarily involves probation, and Avina violating that probation. These sentences have failed to provide deterrence as the defendant continues to possess firearms. It is clear from

this repeated conduct that the defendant fails to take the law seriously and that the only way to provide adequate deterrence is a sentence of imprisonment within guidelines.

<u>Need to Avoid Unwarranted Disparities</u>

The Guidelines Range for the defendant's sentence is 33 to 41 months. According to the PSR, the average length of imprisonment imposed was 35 months and the median length of imprisonment imposed was 33 months. PSR ¶ 102. A sentence of 33 months is at the low-end of the Guidelines, less than the average, and equal to the median length of imprisonment. A sentence below 33 months imprisonment would cause an unwarranted disparity from sentences imposed on other similar defendants.

Notwithstanding the foregoing, the defendant has demonstrated acceptance of responsibility. He admitted the conduct and cooperated with Probation during the presentence interview. *Id*. at ¶ 16. Moreover, the PSR makes clear that the defendant has had many struggles in his life, including exposure to violence and substance abuse at home, gun violence, being sexual abuse as a minor, difficulty in school, mental health issues and substance abuse. *Id*. at ¶¶ 64-81. Balancing all these considerations, the Government believes a sentence of 33 months' imprisonment followed by a three-year term of supervised release is reasonable and appropriate in this case, as it reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, and protects the public. 18 U.S.C. § 3553(a)(2).

## V. CONCLUSION

For the foregoing reasons, the Government respectfully recommends that the Court impose a sentence of 33 months' imprisonment followed by 3 years of supervised release, subject to conditions in the plea agreement and proposed by U.S. Probation. The defendant shall also pay a mandatory special assessment of $100 and forfeit the property identified in the Indictment and PSR.

Respectfully submitted,

Dated: May 12, 2025

PATRICK D. ROBBINS
Acting United States Attorney

_____/S/_____
CYNTHIA JOHNSON
Special Assistant United States Attorney